THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER THOMAS CHAVEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY UTTECHT,<br><br>　　　　　Defendant. | CASE NO. C19-1033-JCC<br><br>ORDER |

This matter comes before the Court on Petitioner's objections (Dkt. No. 47) to the report and recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge (Dkt. No. 46). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby APPROVES and ADOPTS the report and recommendation, DENIES Petitioner's petition for a writ of habeas corpus, and DISMISSES the case with prejudice for the reasons explained herein.

I.　　BACKGROUND

Judge Theiler's report and recommendation sets forth the underlying facts of this case and the Court will not repeat them here. (*See id.* at 2–6.) The report and recommendation recommends that the Court deny Petitioner's request for an evidentiary hearing, deny his habeas petition, and dismiss the case. (*Id.* at 36). Petitioner has filed objections to the report and recommendation. He requests the Court grant him an evidentiary hearing to examine Petitioner's

state court counsel to determine whether his counsel's allegedly defective performance was due to strategic decisions and to evaluate what testimony Lee Coleman, M.D., would have given in Petitioner's state court proceedings. (Dkt. No. 47 at 2.) Petitioner also objects to the report and recommendation's rejection of his ineffective assistance of counsel claims and closing argument claim. (*Id.* at 5.) Finally, Petitioner objects to the report and recommendation's alleged failure to address his cumulative error claim under 28 U.S.C. § 2254(d). (*Id.* at 6.)

## II.  DISCUSSION

### A.  Standard of Review

District courts review *de novo* those portions of a report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Objections are required to enable the district court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). General objections, or summaries of arguments previously presented, have the same effect as no objection at all, since the court's attention is not focused on any specific issues for review. *See United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).

### B.  Evidentiary Hearing

Under 28 U.S.C. § 2254(e)(2), if a habeas petitioner fails to develop the factual basis of a claim in state court, the federal court may not hold an evidentiary hearing on that claim unless two prerequisites are met. First, the claim must rely on either (a) a new rule of constitutional law made retroactive to cases on collateral review by the United States Supreme Court and previously unavailable or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A)(i)–(ii). Second, the facts underlying the claim must establish by clear and convincing evidence that but for constitutional error no reasonable fact finder would have found the petitioner guilty. 28 U.S.C. § 2254(e)(2)(B).

A petitioner does not fail to develop a claim's factual basis in state court unless there is a

lack of diligence or some greater fault attributable to the petitioner or his counsel. *Williams v. Taylor*, 529 U.S. 420, 432, 437 (2000); *Baja v. Ducharme*, 187 F.3d 1075, 1078–79 (9th Cir. 1999). Diligence, at minimum, requires that the petitioner sought an evidentiary hearing in state court pursuant to applicable procedures. *Williams*, 529 U.S. at 432. The denial of an evidentiary hearing in state court does not constitute failure to develop the factual basis of a claim. *Jones v. Wood*, 114 F.3d 1002, 1013 (9th Cir. 1997).

Even if an evidentiary hearing is not precluded by § 2254(e)(2), that does not necessarily mean a petitioner is entitled to such a hearing. *See Downs v. Hoyt*, 232 F.3d 1031, 2041(9th Cir. 2000). Instead, the court has discretion to determine whether an evidentiary hearing is appropriate or required under the pre- Antiterrorism and Effective Death Penalty Act of 1996 standard governing hearings. *Id.*; *see Baja*, 187 F.3d at 1078. In deciding whether to grant an evidentiary hearing, the court must consider whether such a hearing could enable an applicant to prove factual allegations that, if true, would entitle the applicant to federal habeas relief. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). The court need not hold an evidentiary hearing where the petition raises solely questions of law or where the issues may be resolved based on the state court record. *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998). "It follows that, if the record refutes the applicant's factual allegation or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Landrigan*, 550 U.S. at 474; *accord Totten*, 137 F.3d at 1176. "Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Landrigan*, 550 U.S. at 472–75 (internal citation omitted).

Petitioner objects to the report and recommendation's rejection of his request for an evidentiary hearing regarding his ineffective assistance of counsel claims. (Dkt. No. 47 at 2.) However, Petitioner has not identified a constitutional right that was not previously available or facts that could not have been previously discovered with reasonable diligence. Additionally, Petitioner has not asserted facts that would establish, by clear and convincing evidence, that but

for constitutional error no reasonable fact finder would have found him guilty. As such, all issues can be resolved by relying solely on the record developed in Petitioner's underlying state proceedings. It is clear from the record that the state court adequately considered the merits of Petitioner's case and conducted an adjudication on those merits before rejecting his claim. Thus, Petitioner's request for an evidentiary hearing is DENIED.

### C. Ineffective Assistance of Counsel

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Courts evaluate claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under that test, a defendant must prove that (1) counsel's performance fell below an objective standard of reasonableness and (2) a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Id.* at 687–94.

When considering the first prong of the *Strickland* test, judicial scrutiny must be highly deferential. *Id.* at 689. There is a strong presumption that counsel's performance fell within the wide range of reasonably effective assistance. *Id.* The Ninth Circuit states that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Campbell v. Wood*, 18 F.3d 662, 673 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 689).

The second prong of the *Strickland* test requires a showing of actual prejudice. Thus, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

#### 1. Victim's Inconsistent Statements

The report and recommendation rejected Petitioner's argument that he received ineffective assistance of counsel in his underlying criminal proceedings, finding that his counsel

made "reasonable strategic" decisions in cross-examining A.R., the minor victim. (Dkt. No. 46 at 20.) In his objections to the report and recommendation, Petitioner again contends that his counsel's cross-examination of A.R. rose to the level of ineffective assistance of counsel because counsel failed to conduct the cross-examination "effectively." (Dkt. No. 47 at 3.) The jury was aware of the inconsistencies of A.R.'s statements. (*See* Dkt. No. 50 at 7.) In fact, the jury watched a video of A.R.'s forensic interview, heard her admit that "she forgot" about the first time Defendant touched her, and saw her admit that re-watching her interview "'sort of' helped her remember what happened." (*Id.* at 6–7.) At the time of trial, A.R. was ten years old. (Dkt. No. 46 at 20). Not only did the judge limit the use of certain impeachment tactics, but it is reasonable that Petitioner's counsel saw no merit in aggressively cross-examining a ten-year-old victim who was likely sympathetic to the jury. (*Id.* at 6.) As such, Petitioner's counsel's allegedly ineffective cross-examination of A.R. did not fall below an objective standard of reasonableness and, even if it had, it would not have changed the outcome of Petitioner's trial.

In fact, Defendant's case may have been harmed by his counsel aggressively pressing A.R. Counsel's hesitation and ultimate choice to "punt cross examination" does not display ineffective assistance of counsel, but rather a thoughtful approach to effectively crossing a sympathetic and young victim. (Dkt. No. 47 at 3.) Indeed, Petitioner's counsel skillfully showed inconsistencies in A.R.'s statements while simultaneously ensuring the jury would not view counsel's interview tactics as harsh or bullying. Therefore, contrary to Petitioner's perspective, the record shows that Petitioner's counsel's choice was "tactical" and "strategic" given the circumstances and that a more aggressive style of cross-examination would not have changed the outcome of Petitioner's underlying criminal proceedings. (*Id.*) Therefore, Petitioner's objections are OVERRULED on this ground.

### 2. *Counseling Evidence and Expert Evidence*

The report and recommendation rejected Petitioner's claim that his counsel was ineffective for failing to offer evidence of A.R.'s counseling sessions and expert testimony

concerning A.R.'s forensic interview. (Dkt. No. 46 at 28–30.) In his objections, Petitioner asserts that the report and recommendation erred because the decision to not call Dr. Coleman to testify as an expert on the counseling records and the state's forensic interview of A.R. was "the most erroneous and prejudicial" error by his counsel. (Dkt. No. 47 at 5.)

      Deciding to not call Dr. Coleman to testify about A.R.'s counseling records was not ineffective. Petitioner could not demonstrate evidence necessary to overcome medical privilege to obtain the documents and Dr. Coleman could not, therefore, testify about documents that were inaccessible. The record shows that A.R.'s counseling sessions were not conducted because of the investigation, an attempt to build a case against Petitioner, or to overcome trauma caused by Defendant molesting her. (Dkt. No. 50 at 8.) Rather, A.R.'s counseling was intended to help with her insomnia. (*See id.*) As a result, Petitioner was unable to make the necessary showing to overcome medical privilege and access these records. (*Id.*) Even if Petitioner had access to these documents, they were not relevant to Petitioner's defense against A.R.'s testimony. Therefore, Dr. Coleman's review of the records, had he the chance, would not have changed the jury's decision. Thus, Petitioner's counsel acted reasonably in not calling a witness to testify to the records when after not having had a chance to review them, and Petitioner has not demonstrated that access to the records would have changed the outcome of his trial.

      Additionally, as discussed above, the jury watched a recording of A.R.'s state-conducted forensic interview. (Dkt. No. 46 at 30.) The jury also witnessed first-hand the state's examination of A.R. at trial and Petitioner's state counsel's resulting cross-examination of A.R. (*Id.* at 30) Furthermore, counsel "seriously considered using Dr. Coleman's proposed testimony" and chose not to. (*Id.* at 31.) Petitioner's counsel's decision to not offer Dr. Coleman's testimony may have been a strategic decision to avoid unnecessary redundancies and further prolong the trial. This evidences a thoughtful and deliberate decision that one would expect from adequate counsel. Thus, as the Washington Supreme Court astutely noted, "Mr. Chavez cannot demonstrate prejudice" if the evidence he wished to introduce through Dr. Coleman's testimony was already

present in the record. Testimony further highlighting inaccuracies the jury was already aware of was unlikely to alter the jury's ultimate decision. Therefore, Petitioner's objections to the report and are OVERRULED on this ground.

### 3. Closing Argument

The report and recommendation rejected Petitioner's argument that his counsel was ineffective based on a lackluster closing argument, finding that his counsel's closing was not "contrary to or an unreasonable application of clearly established federal law" or that it would have "affected the verdict." (*Id.* at 35.) In his objections to the report and recommendation, Petitioner asserts that his counsel's subpar closing had a "prejudicial effect," by giving the jury the impression that counsel was "throwing in the towel." (Dkt. No. 47 at 6.)

Petitioner's argument is not supported by the record. In closing, Petitioner's counsel argued that the testimony presented by the state did not establish Petitioner's guilt beyond a reasonable doubt, that A.R. was suggestable, and that A.R.'s disclosures were hastily misjudged and misinterpreted. (Dkt. No. 46 at 34.) In his initial petition, Petitioner argued that counsel's statement "I'm treading lightly" is indicative of his counsel's ineffectiveness. (Dkt. No. 1 at 152–53.) When considered without context, counsel's statement could raise red flags. But an examination of the record shows that counsel was "treading lightly" because they "[did not] want to attack [and did not] want to blame" A.R., who was nine years old at the time Petitioner molested her. (*Id.* at 152.) As discussed above, counsel's strategy of avoiding alienating a child victim of sexual assault would have been in Petitioner's favor.

Petitioner's counsel's closing does not constitute ineffective assistance of counsel as a different closing would not have changed the outcome of the case. In his objections, Petitioner claims that counsel's closing "lacked any basis—or reasonable basis—in evidence admitted in the record," but this assertion is not supported by the record. (Dkt. No. 47 at 6.) While a closing argument can be a powerful tool, all evidence and argument that can be used in closing has already been made over the course of trial. In this case, the state supplied the jury with ample

evidence on which they could base their verdict. Thus, while Petitioner may have hoped for a "more powerful" closing argument, he has not established that his counsel "[threw] in the towel" and thus led the jury to its guilty verdict, especially in light of the record. (*See Id.* at 6.) Therefore, Petitioner's objections to the report and recommendation are OVERRULED on this ground.

### D. Cumulative Error

In Petitioner's petition for habeas relief, he alleged that his counsel's "many defects' synergistic prejudicial effect was dramatic and it was immense." (Dkt. No. 1 at 209.) The report and recommendation mentions Petitioner's claim for cumulative error only in the summary of Petitioner's claims for habeas relief. (Dkt. Not. 46 at 5–6.) In his objections to the report and recommendation, Petitioner challenges this failure to address his cumulative error claim as further evidence in favor of granting his habeas claim as he alleges "that claim satisfies 28 U.S.C. § 2254(d)." (Dkt. No. 47 at 6–7.)

One isolated error can be insufficient to warrant reversal of a conviction, but a showing of "the cumulative effect of multiple errors may still prejudice a defendant" and lead to reversal of a conviction. *United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir. 1996). Sometimes the mere analysis of "issue-by-issue harmless error review" is not sufficient and the court must look at the overall effect of all errors. *Id.* (quoting *United States v. Wallace*, 848 F.2d 1464, 1476 (9th Cir. 1988)). Essentially, "[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair." *Thomas v. Hubbard*, 273 F.3d 1164, 1180 (9th Cir. 2001) (quoting *Matlock v. Rose*, 731 F.2d 1236, 1244 (6th Cir. 1984)); *see Alcala v. Woodford*, 334 F.3d 862, 888–89 (9th Cir. 2003) (finding ineffective assistance of counsel based on cumulative error where defense counsel did not effectively present the defendant's alibi, did not properly prepare a key witness, and failed to investigate the crime scene); *compare with United States v. Acosta*, 234 Fed. Appx. 647, 650 (9th Cir. 2007) (finding no cumulative errors because alleged errors "were

harmless" and "did not materially affect the verdict" because of the "overwhelming evidence of guilt").

Petitioner's counsel could undoubtably have strategized differently, and perhaps some of their strategy can be called into question. But as the Washington State Court of Appeals noted, Petitioner "fails to demonstrate that the outcome of proceedings could have been different if counsel had proceeded differently." (Dkt. No. 50 at 12.) As he did before the Washington State Court of Appeals and as found above, Petitioner fails to identify any representation rising to the level of ineffective assistance of counsel. As such, there are not multiple errors to accumulate and the cumulative error doctrine does not apply. Thus, Petitioner's objections to the report and recommendation are OVERRULED on this ground.

## III.  CONCLUSION

The Court has reviewed the balance of the report and recommendation and finds no error. For the foregoing reasons, the Court hereby FINDS and ORDERS as follows:

1. Petitioner's objections to the report and recommendation (Dkt. No. 47) are OVERRULED;
2. The Court APPROVES and ADOPTS the report and recommendation (Dkt. No. 46);
3. Petitioner's habeas petition (Dkt. No. 1) and this action are DISMISSED with prejudice;
4. Petitioner is DENIED issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) and *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); and
5. The Clerk is DIRECTED to send copies of this order to the parties and to Judge Theiler.

DATED this 4th day of May 2020

John C. Coughenour
UNITED STATES DISTRICT JUDGE